IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| Petitioner, | : | |
| v. | : | Case No. 2:10-cv-001 |
| John D. Allen, et al., | : | JUDGE GRAHAM |
| Respondents. | : | |

REPORT AND RECOMMENDATION

This petition to enforce IRS administrative summonses served on respondents John D. Allen and the custodian of records for Allen & Associates was referred to the undersigned for a report and recommendation by order of Judge Graham on January 8, 2010. In the referral order, Judge Graham found that the Declaration of Special Agent Jennifer Conner established a prima facie case for enforcement of the summonses under the criteria set forth in United States v. Will, 671 F.2d 963, 966-67 (6th Cir. 1982). Accordingly, the burden shifted to the respondents to demonstrate that enforcement of the summonses would be an abuse of the Court's process. Id. Judge Graham ordered the respondents to file an answer stating any defenses they might have to enforcement of the summonses.

The summonses were issued as part of an investigation being conducted by the Criminal Investigative Division of the IRS to determine whether taxpayer Paul G. Churlik has committed any offense connected with the administration or enforcement of the internal revenue laws. The respondents are alleged to be third-party recordkeepers as defined in 26 U.S.C. §7603(b). The summonses seek any and all documents in the respondents' custody or control relating to Paul G. Churlik and/or Barbara A. Churlik

for the period of January 1, 1999, to the present.

On January 20, 2010, John Allen filed an answer to the IRS summons. Mr. Allen asserts that while he was under no legal duty to answer the summons, he did so out of an abundance of caution. He acknowledges this Court's subject matter jurisdiction over the enforcement proceeding, but denies that this Court has personal jurisdiction over him. He also denies that he is a "person" as defined in the Internal Revenue Code. This contention apparently stems from his belief that he is not a citizen of the United States. Such an argument "is completely without merit and patently frivolous." United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994). Mr. Allen's claim that he does not reside within the boundaries of this District is similarly frivolous. The address listed in his answer is a post office box in Zanesville, Ohio, which is clearly within the Southern District of Ohio.

Mr. Allen denies that Special Agent Conner has any authority to conduct an investigation regarding income taxes since 26 U.S.C. §7608 purportedly limits such investigative authority to the enforcement of laws pertaining to liquor, tobacco, and firearms. Mr. Allen also challenges Agent Conner's authority to issue the summonses on the basis that neither he nor Mr. Churlik is a taxpayer. Neither of these contentions has any merit. The provisions of 26 U.S.C. §7602 unambiguously confer authority on a special agent to issue administrative summonses. See United States v. Erie Industries, Inc., 103 F.3d 131 (table), 1996 WL 692092 at *2 (6th Cir. Nov. 26, 1996). Courts have further rejected the argument that §7602 applies only to alcohol, tobacco, and firearms activities. See Hogan v. United States, 873 F.Supp. 80, 81 (S.D. Ohio 1994). Finally, the argument that Mr. Allen and Mr. Churlik are non-taxpayers is baseless. See Martin v. Commissioner of Internal Revenue, 756 F.2d 38, 40 (6th

Cir. 1985); <u>United States v. Brunet</u>, 5 Fed.Appx. 445, 447 (6th Cir. 2001).  <u>See</u> <u>also</u> <u>Sloan v. United States</u>, 621 F.Supp. 1072, 1073-74 (N.D. Ind. 1985)(§7601 requires IRS to investigate all persons who "may" be liable to pay taxes which undoubtedly includes persons not liable for taxes).

    Mr. Allen additionally argues that Agent Conner acted outside the scope of her authority by serving the summonses by certified mail.  Section 7603(b)(1) expressly provides for service by certified or registered mail to the last known address of the third-party recordkeeper.  26 U.S.C. 7603(b)(1); <u>Wheeler v. United States</u>, 459 F.Supp.2d 399, 405 n.2 (W.D. Pa. 2006).  The Court concludes that such service was therefore proper and not an abuse of Agent Conner's authority.

    Based upon the foregoing, the respondents have not shown that enforcement of the summonses would be an abuse of the Court's process.  It is therefore recommended that the petition to enforce summonses (#1) be granted and that the summonses issued to John D. Allen and the custodian of records for Allen & Associates be enforced.

<u>PROCEDURE ON OBJECTIONS</u>

    If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1)(C).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge